JON M. SANDS
Federal Public Defender
District of Arizona
850 W. Adams Street, Suite 201
Phoenix, Arizona 85007
Telephone: (602) 382-2737

CRAIG ORENT, #015512
craig_orent@fd.org
Asst. Federal Public Defender
Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| United States of America, | No. CR-05-177-PHX-MHM |
|---|---|
| Plaintiff, | **DEFENDANT'S MOTION TO MODIFY DISPOSITION AND OBJECTION TO CONDITIONS** |
| v. | |
| William Sands, | (Oral Argument and Evidentiary Hearing Requested) |
| Defendant. | |

Defendant William Sands, by and through undersigned counsel, hereby objects to supervised release condition #7, that requires him to remove "from [his] residence the Rottweiler and other large dog while on supervised release." Mr. Sands asserts this condition is improper for a number of reasons: (1) he was not given advance notice of the condition; (2) he was not given sufficient time to argue against the condition or to propose more palatable alternatives; (3) the condition is unsupported by the record; and (4) the condition is unreasonable.

**BACKGROUND**

The Court originally sentenced Mr. Sands to one day of imprisonment followed by 3 years of supervised release. The Probation Department filed a petition to revoke Mr. Sand's supervised release alleging that he committed misdemeanor assault. He denied the allegation, but after an evidentiary hearing, the Court ruled that

the government established by a preponderance of the evidence that he committed an assault.

At the evidentiary hearing the government claimed Mr. Sands assaulted his wife. The defense denied the allegation and asserted that the Sands' dog ("the Rottweiler") had become agitated during a heated oral argument between the couple and bit Mrs. Sands.

No evidence was presented that "the Rottweiler" was aggressive toward anyone other than Mrs. Sands when she and Mr. Sands engage in heated arguments. There was undisputed testimony, however, that "the Rottweiler" was agitated and aggressive when police officers were trying to gain entry to the home (behavior which, the defense asserts, is not unusual for any dog to display under such circumstances). No evidence was presented or is contained in the record that indicates "the Rottweiler" poses a threat to the general public or to people who come to the Sands' home.

There was no evidence at the hearing or in the record relating to the so called "other large dog," let alone evidence that the dog was, is, or can be aggressive.

Prior to the original imposition of sentence, Mr. Sands had been on pretrial release for approximately 11 months living at the same home at issue here. The two dogs also lived at the residence. Pretrial services monitored Mr. Sands during that time and visited the home without any reported problems with the dogs.

Before the incident that lead to the supervised release violation, the probation officer monitoring Mr. Sands, Ariel Palafox, also visited the residence and raised no concerns formally or informally concerning the dogs.

Prior to the disposition hearing, Mr. Palafox prepared a disposition report. It contained no reference to condition #7.

The first time the defense learned of the requested condition, was effectively *after* the disposition hearing had been completed and the Court imposed sentence and advised Mr. Sands of his appellate rights. The Court then asked if there was anything else that needed to be addressed, to which both counsel replied there was not. The probation officer then stood and requested condition #7 be imposed. Defense counsel made a terse, impromptu oral objection which the Court overruled.

**LAW**

This "[C]ourt enjoys significant discretion in crafting terms of supervised release for criminal defendants, including the authority to impose restrictions that infringe on fundamental rights." *United States v. Weber*, 451 F.3d 552, 557 (9th Cir. 2006) (citations omitted). However, the Court's discretion is limited. *Id.* In deciding whether to impose a particular condition the Court must consider the factors set out in 18 U.S.C. § 3583(c). *Id.* As a result, "conditions of supervised release 'are permissible only if they are reasonably related to the goal of deterrence, protection of the public, or rehabilitation of the offender.'" *Id.* at 558 (quoted case and footnote omitted).

"[E]ven if a proposed condition otherwise meets the statutory requirements of § 3553(a), it still must 'involve 'no greater deprivation of liberty than is reasonably necessary for the purposes' of supervised release.'" *Id.* (cited case omitted) (quoting § 3583(d)(2)).

The government has the burden of "demonstrating that a discretionary supervised release condition is appropriate in a given case", and "that the statutory

standards have been met." *Id.*

Most importantly, the Court must give defendants advance notice of a discretionary, non-standard condition it is contemplating imposing. *United States v. Wise*, 391 F.3d 1027, 1032- 33 (9th Cir.2004). In that case, the sentencing court imposed a condition that the defendant have no contact with children. Neither the defendant nor his attorney were aware of the condition before the court imposed it. The court had not provided written or oral notice, and the presentence report did not mention it. *Id.* at 1030 & 1032. The Court held:

> Where a condition of supervised release is not on the list of mandatory or discretionary conditions in the sentencing guidelines, notice is required before it is imposed, so that counsel and the defendant will have the opportunity to address personally its appropriateness. The form and timing of notice are left to the discretion of the district court. For a condition such as the one at issue here, advance written notice would work best, both to enable both sides to marshal their evidence and arguments, and (more importantly in many cases) to allow negotiation of a condition upon which the government and the defense could agree. It may be enough in many cases for the judge to mention orally at the sentencing hearing that he is contemplating a condition, in case either party wishes to comment or request a continuance. It is not enough notice, however, first to impose the sentence, and then to invite counsel to comment, at least where counsel objects as occurred here. That is no notice at all. Talking a judge out of a decision he has already made is a different and harder task than persuading him not to make it. Also, such an approach prevents negotiation of a condition more precisely tailored to the legitimate interests of both sides.

**ARGUMENT**

**(1) Notice**

Mr. Sands was not given advance notice that the Court would be considering the requested condition. The request was made by the probation officer after sentence had been pronounced and seconds before the Court was about to leave the bench. Counsel did not have an opportunity to discuss the request with Mr. Sands; he did not have an opportunity to negotiate with the government a more palatable

alternative means of addressing the probation officer's concerns; and counsel had seconds to garner a response and argument to the requested condition. Clearly these circumstances denied Mr. Sands a reasonable, fair, and adequate ability and opportunity to respond to the government's request. As a result, the Court, at a minimum, should set the matter for an evidentiary hearing and further oral argument.

**(2) The "Other Large Dog"**

The Court's order concerning the "other large dog" is vague and lacks the specificity required for a defendant to specifically understand what is required, especially where a failure to abide by the condition could result in further imprisonment. More importantly though, there was and is no evidence in the record concerning this other dog. For all the Court knows, that dog could be the most docile, friendly dog. On the existing record there was, and is, no basis for the Court to require this dog's removal from the Sands' home.

**(3) The Basis of the Probation Officer's Request, a Concern for His Safety, Is Unsupported by the Record**

The record contains no evidence that "the Rottweiler" was or can be aggressive toward the probation officer. No evidence indicates "the Rottweiler" poses a threat to the general public or to people who come to the Sands' home. In fact, the opposite is true: During Mr. Sands pretrial release of approximately 11 months there were no reported problems with the dog(s) by the pretrial release officer. And, prior to the underlying incident, the probation officer did not raise concerns about the dog(s). Absent reliable, non-speculative evidence that the dog(s) would pose a threat to the probation officer were he to appear unannounced and knock on the Sands' door seeking entry, the condition is unreasonable.

**(4) The Court Is Limited to Imposing the Least Restrictive Condition to Address its Concerns**

Like most dog owners, the Sands consider these two dogs to be members of their family. They would do anything reasonably within their power to address the Court's concerns short of removing these family members from their lives.

As stated above, because of the lack of notice, Mr. Sands and his counsel were deprived of the opportunity to consider and suggest alternative, less onerous means of addressing the Court's concerns. Mr. Sands now suggests that the "removal" option is not the least restrictive way to achieve the stated goal. For example, the Court could require the Sands, by specific and carefully chosen wording, to immediately restrain the dog(s) when the probation officer arrives at the residence, either by chaining or tying them, or isolating them to the back yard. Or, though somewhat more invasive, the Court could require the Sands to take the dog(s) to obedience training and to provide the probation officer or Court with a certificate of completion, and to continually take the dog(s) for refresher training.

## CONCLUSION

For each and all of the stated reasons, Mr. Sands respectfully requests the Court to hold an evidentiary hearing and oral arguments concerning his objection to condition #7. And after such hearing and arguments, he requests the Court to vacate condition #7.

Respectfully submitted: September 21, 2006

JON M. SANDS
Federal Public Defender


 s/Craig S. Orent
CRAIG ORENT
Asst. Federal Public Defender

1  I hereby certify that on *September 21, 2006*, I electronically transmitted the attached document to the Clerk's Office using the ECF System for filing and transmittal to the following ECF registrants:
2  
3  Joe Koehler
4  Assistant U.S. Attorney
5  Ariel Palafox
   U.S. Probation Office
6  
7  Copy of the foregoing mailed this
   21st day of September, 2006, to:
8  
   William Sands
9  Defendant
10
11 s/Craig S. Orent
   Assistant Federal Public Defender
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28